David C. Force
**David C. Force, Lawyer**
OSB No. 82258
P.O. Box 10972
Eugene, OR 97440
(541) 343-2956
Facsimile: (541) 686-1594
E-mail: forcelaw@aol.com

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

(Eugene Division)

| | |
|---|---|
| PATRICK E. KISSANE, | ) |
| Plaintiff, | ) No. _____ |
| | ) **COMPLAINT** |
| | ) Federal Tort Claims Act |
| | ) Action for Medical Negligence |
| vs. | ) **Jury Trial Demanded** |
| THE UNITED STATES, | ) |
| Defendant. | ) |

    Plaintiff alleges:

<u>Jurisdiction</u>

1.

This Court has jurisdiction over the subject matter of plaintiff's claim arising

**Page 1 –** COMPLAINT    Jury Trial Demanded

under the Federal Tort Claims Act, U.S. Code Title 28§§ 2671-2680, pursuant to 28 U.S.C. §1346(b).    Plaintiff timely initiated an administrative claim for the damages sought herein to the U.S. Department of Veterans Affairs, and exhausted all available administrative remedies thereby. The U.S. Department of Veterans Affairs issued a final notice of denial of plaintiff's claims on March 19, 2014.

<u>Plaintiff</u>

2.

Plaintiff is a veteran of the United States Armed Forces, who received a General Discharge under honorable conditions January 13, 1986.   Prior to the events at issue herein plaintiff was awarded a VA Disability rating for 50% disability resulting from service-connected traumatic brain injury, and was thereby eligible for, and did receive, medical services provided by VA medical facilities and personnel in the State of Oregon.

<u>Defendant</u>

3.

The United States is the sole defendant in this action pursuant to 28 U.S.C. 2674. Plaintiff's claim is based on negligence of employees and agents of the United States Department of Veterans Affairs, specifically including Dr. Ted J. Vigeland and other DVA employees at the DVA's medical facilities and operations in the State of Oregon.

CLAIM FOR RELIEF — Medical Negligence

4.

On or after July 6, 2011, plaintiff acquired a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection at the site of a surgical procedure to his left hip which was performed at a DVA medical facility.  On December 2, 2011, the infection suppurated and exploded outward from his left hip, requiring repair surgery that removed his entire left hip ball joint and skeletal support of that joint, and removed all but the distal end of his left femur; thereby rendering his left leg useless and unconnected by bone to his hip

or spine. Defendant further suffered severe sepsis and came close to death for several days. On or about March 12, 2012, plaintiff discovered, and in the exercise of reasonable diligence first could discover, that between July 6, 2011 and December 2, 2011, the development and progression of the said infection, and thereby the damage to his hip joint and leg bones and the necessity for the said repair surgery, were the result of medical negligence by Dr. Ted J. Vigeland and other employees of the Department of Veterans Affairs in the State of Oregon, in one or more of the following particulars:

    a. In failing to credit or investigate plaintiff's complaints of increasing post-surgical pain and swelling in his left hip;

    b. In failing to order or obtain any culture or biopsy of the tissues in plaintiff's left hip area;

    c. In failing to order or obtain any MRI or other diagnostic procedure which would have disclosed the presence of an infection in plaintiff's left hip area;

    d. In failing to refer plaintiff to an infectious disease specialist;

    e. In failing to prescribe or initiate any treatment with antibiotics to rule out the presence of a MRSA infection;

    f. In failing to initiate MRSA prevention, diagnosis, or treatment protocols generally accepted in the Oregon medical profession;

Each and all of which failures were beneath the standard of care applicable to plaintiff's complaints of post-surgical infection symptoms.

<p align="center">5.</p>

As a foreseeable consequence of the defendant's negligence as hereinabove alleged, plaintiff was cause to require emergency surgery with removal of his left hip ball joint and all but the distal end of his left femur, rendering him totally disabled and permanently non-ambulatory; to suffer severe and pervasive sepsis and associated pain and loss of function which continue through the present time and are permanent, all to

**Page 3 –** COMPLAINT    Jury Trial Demanded

his general damage in the sum of $1,750,000.

<div style="text-align:center">6.</div>

Plaintiff demands trial of this action by a jury.

Dated: April 4, 2014                    SUBMITTED by:

<div style="margin-left:40%">
/s/ David C. Force<br>
David C. Force<br>
OSB No. 82258<br>
P.O. Box 10972<br>
Eugene, Or. 97440<br>
(541) 343-2956<br>
Attorney for Plaintiff
</div>

**Page 4 –** COMPLAINT    Jury Trial Demanded